Petition for Writ of Mandamus Denied and Memorandum Opinion filed
October 10, 2006








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed October 10, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00773-CV

____________

 

IN RE MICHAEL LAVON GIPSON, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








On
September 8, 2006, relator Michael Lavon Gipson, an inmate in
the Polunsky Unit of the Texas Department of Criminal Justice, filed a petition
for writ of mandamus in this Court,[1] requesting we
issue an order compelling (1) Charles Rosenthal, Harris County District
Attorney, to transmit biological material to the trial court as required under
Article 64.02 of the Texas Code of Criminal Procedure; and (2) the trial court
to furnish all rulings or findings regarding relator=s post-conviction motion for DNA
testing.  See Tex. Code Crim.
Proc. Ann. art. 64.02 (Vernon Supp. Pamphlet 2006) (stating convicting
court shall, on receipt of the motion, require the state to deliver evidence to
the court or explain why it cannot deliver the evidence). 

Regarding
relator=s first request, this Court is
empowered to issue writs of mandamus to enforce its jurisdiction, or against a
judge of district or county courts within its appellate district.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004).  Because
relator does not demonstrate that the writ against Rosenthal is necessary to
enforce our jurisdiction, we do not have the authority to provide relator with
the requested relief.   

Regarding
relator=s request for a writ against the
trial court, he has failed to provide a record showing he is entitled to
mandamus relief.  To obtain mandamus relief,  a relator must establish that the
act sought to be compelled is ministerial and that he has no adequate remedy at
law.  Dickens v. Court of Appeals for the Second Supreme Judicial Dist.,
727 S.W.2d 542, 548 (Tex. Crim. App.1987) (orig. proceeding).   Here, relator
provided this Court with copies of correspondence inquiring into the status of
his motion that indicate an attorney was appointed to represent relator in the
matter; however, relator failed to provide a copy of his post-conviction DNA
motion and other documents which might establish that he is entitled to
mandamus relief. 

Accordingly,
we deny relator=s petition for writ of mandamus against the trial court
without prejudice to refiling with an adequate record.    

                        

 

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed October 10, 2006.

Panel consists of Chief Justice
Hedges, and Justices Yates and Seymore.  









            [1]See Tex. Gov=t Code Ann. ' 22.221 (Vernon
2004); see also Tex. R. App. P. 52.1.